D. VÉLEZ GOTAY & Co., S. EN C., demandante, tercerista y apelante, *v.* JULIA FRANCESCHI ANTONGIORGI, en su carácter de madre con patria potestad sobre sus menores hijos no emancipados ANÍBAL, FERDINAND, ROLANDO, HERMES, NÉSTOR y DIEGO VÉLEZ FRANCESCHI; JULIO FRANCESCHI ANTONGIORGI, por derecho propio y DIEGO VÉLEZ GOTAY, demandados en tercería y apelados.

Núm. 7154.—*Sometido:* Abril 21, 1937. *Resuelto:* Mayo 7, 1937.

*Raúl Matos,* abogado de la apelante; *Fernando Zapater,* abogado del Sr. Vélez Gotay, apelado; *Lucien Longchamps,* abogado de los Sres. Franceschi y Vélez Franceschi, apelados.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA emitió la opinión del tribunal.

Julia Franceschi Antongiorgi por sí y como madre con patria potestad de sus hijos menores de edad inició una acción en reclamación de alimentos contra su antiguo esposo y padre de sus hijos Diego Vélez Gotay, solicitando una can-

tidad mensual de $150. Para asegurar la efectividad de la sentencia que pudiese recaer en dicho pleito, se embargaron todas las existencias de una farmacia en Yauco, como propiedad de Diego Vélez Gotay. Una vez trabado el embargo sobre los bienes referidos, la firma D. Vélez Gotay & Co., S. en C., promovió demanda de tercería contra los demandantes en el pleito sobre reclamación de alimentos.

La tercerista apelante formuló su reclamación alegando ser una sociedad mercantil en comandita, constituída de acuerdo con el Código de Comercio de Puerto Rico, con domicilio en Yauco, y haber estado en posesión, como única dueña en pleno dominio, de los bienes embargados, a los cuales se fijó un valor de $1,000.

Los demandados en tercería negaron la existencia de la sociedad en comandita D. Vélez Gotay & Co., S. en C., y el valor de los bienes fijados por la demandante, y alegaron en contrario que su valor fluctuaba entre $2,000 y $2,500. Negaron además que la tercerista estuviese en posesión de los referidos bienes, afirmando que para esa fecha Diego Vélez Gotay era el único dueño de la farmacia.

La corte inferior, basándose en las razones expuestas en su opinión, declara "en el caso número 9318 (sobre alimentos), con lugar la demanda y condena al demandado a pasar a la demandante la suma de $25 mensuales, y a suministrarle medicinas gratis para sus hijos menores de edad al serles prescritas por un médico, más las costas; y en el caso número 9347 (sobre tercería), la corte declara sin lugar la demanda del tercerista Diego Vélez Gotay & Co., S. en C., por considerar la corte que los bienes embargados son de la exclusiva propiedad del demandado Diego Vélez Gotay, imponiéndose las costas a dicho demandante."

De la sentencia pronunciada en este último caso apeló D. Vélez Gotay & Co., S. en C., alegando que la corte inferior erró al resolver que no existe la sociedad D. Vélez Gotay & Co., S. en C., al imponer las costas a Diego Vélez Gotay, y al pronunciar una sentencia contraria a la prueba.

Según declara la corte inferior, y según consta de la prueba, al hacerse la división de la sociedad de gananciales que existía entre el demandado Diego Vélez Gotay y la demandante Julia Franceschi Antongiorgi, al demandado se le adjudicaron entre otros bienes las existencias, muebles y enseres de una farmacia adquirida durante el matrimonio, valorados en $2,000. Tres días después el demandado Diego Vélez Gotay, en unión de su hermano Silvio Vélez Gotay, constituye una sociedad mercantil en comandita, a la que aporta el primero, valorándolas en $500, las existencias de la farmacia, que antes fueron valoradas en $2,000. · Silvio Vélez Gotay, aparece aportando, como comanditario, la cantidad de $1,000 en metálico. Sobre este extremo la corte inferior se expresa así:

"A pesar de esto, la farmacia del demandado Diego Vélez Gotay que siempre llevó su nombre, continuó con el mismo nombre; no se sacó patente insular o municipal a nombre de la sociedad y la prueba demuestra además que el socio comanditario Silvio Vélez Gotay, hermano del demandado, que ocupa el cargo de Colector de Rentas Internas de Guánica, a pesar de tener una modesta cuenta corriente en el Crédito y Ahorro Ponceño de Yauco, aparece que aportó los $1,000 en billetes. La prueba, en conjunto, en relación con la constitución y existencia de la sociedad 'Diego Vélez Gotay & Co., S. en C.', demuestra que en realidad no existe tal sociedad, sino que el verdadero dueño de la farmacia Vélez Gotay es el demandado."

No creemos que haya estado desacertado en sus conclusiones el tribunal inferior. Silvio Vélez Gotay es un modesto empleado que tiene una cuenta en el Crédito y Ahorro Ponceño de Yauco y que aparece aportando $1,000 en billetes, sin explicar de dónde los ha sacado. Este señor, en algunas ocasiones, ha tomado pequeños cantidades prestadas, a pesar de disponer de esta suma en metálico.

El vínculo matrimonial existente entre el Sr. Vélez Gotay y la Sra. Julia Franceschi había quedado disuelto. El esposo divorciado podía estar sujeto a una reclamación de alimentos. En estas condiciones, inmediatamente después de haberse dividido la sociedad de gananciales, aparece cons-

tituyendo una sociedad y al hacerlo valora en $500 una propiedad que tres días antes había sido apreciada en la cantidad de $2,000. Además de la declaración de Silvio Vélez Gotay, apreciada, a nuestro juicio, con bastante acierto por la corte inferior, hay otros detalles en la prueba que tienden a demostrar que nunca fueron satisfechos los $1,000 que aparecen aportados a la alegada sociedad por el llamado socio comanditario.

La corte inferior, apreciando la prueba consideró que la demandante tercerista no había probado sus alegaciones y que la farmacia continúa siendo de la propiedad del esposo divorciado Diego Vélez Gotay.

En cuanto a las costas, creemos que debemos respetar el pronunciamiento de la corte inferior en el ejercicio de sus facultades discrecionales.

*Debe confirmarse la sentencia apelada.*